**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BOMBARDIER, INC.,**<br>800 Boul. René-Lévesque Ouest<br>Montreal, Quebec H3B 1Y8<br>Canada<br><br>     **Plaintiff,**<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF LABOR**<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210,<br><br>     -and-<br><br>**THOMAS PEREZ, SECRETARY OF LABOR,**<br>(Official Capacity)<br>200 Constitution Avenue, N.W.<br>Washington, D.C. 20210<br><br>     **Defendants.** | Case No. |

**COMPLAINT**

Plaintiff Bombardier, Inc. ("Bombardier"), through counsel, files this complaint for declaratory and injunctive relief against the United States Department of Labor ("DOL") and Thomas Perez ("Perez"), in his official capacity as Secretary of Labor.

**NATURE OF THE CASE**

1.   This is a case for preliminary and permanent injunctive relief and a declaratory judgment arising out of Defendants' *ultra vires* assertion of authority over an alleged violation of the whistleblower protection provisions of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121 ("AIR21").

2. Jeffrey A. Sobhani ("Sobhani"), an engineer who formerly worked for Bombardier at its facility in Toronto, Ontario, Canada brought an AIR21 complaint to the Department of Labor (the "Sobhani Complaint"), which instituted and is currently maintaining an adjudicative hearing before the Department of Labor Office of Administrative Law Judges ("OALJ").

3. Bombardier, as a Canadian company, is not and cannot be an air carrier or a contractor or subcontractor to an air carrier within the meaning of AIR21, and it is thus not subject to AIR21.

4. Further, by adjudicating the Sobhani Complaint, the OALJ is impermissibly giving extraterritorial application to AIR21 and seeking to apply it to the employment decisions, within Canada, of a Canadian company. Specifically, it is undisputed that (1) Sobhani was employed by Bombardier in Canada, was a resident of Canada during the time of his employment, and performed no work in the United States; (2) Bombardier is a Canadian corporation that does not directly conduct any business in the United States; (3) Sobhani raised purported safety concerns in Canada that related to the certification of the Q-400 aircraft that was being certified pursuant to Canadian law to supervisors who were located in Canada; and (4) the decision was made in Canada to terminate Sobhani's employment.

5. Despite the clear inapplicability of AIR21 to both Bombardier generally and to the Sobhani Complaint specifically, the OALJ has denied Bombardier's motions to dismiss the case, has denied a motion to certify the issues regarding the applicability of AIR21 to the Department of Labor Administrative Review Board ("ARB") for immediate appeal, and has now ordered Bombardier to produce an immense amount of data and documents that will impose costs upon Bombardier that go well beyond the ordinary and expected costs of litigation and will

cause Bombardier to produce highly confidential and proprietary technical information regarding its aircraft.

6. Because Defendants have no statutory authority to proceed against Bombardier under these circumstances, Bombardier asks this Court to preliminarily and permanently enjoin Defendants from adjudicating Sobhani's AIR21 claim against Bombardier.

## PARTIES

7. Plaintiff Bombardier, Inc. is organized under the laws of Canada and is publicly traded on the Toronto stock exchange. Its principal place of business is located at 800 Boul. René-Lévesque Ouest, Montreal, Quebec H3B 1Y8, Canada.

8. Defendant United States Department of Labor is a Federal Agency within the meaning of 5 U.S.C. § 701(b)(1) with its headquarters located at 200 Constitution Avenue, N.W. Washington, D.C. 20210.

9. Defendant Thomas Perez is the Secretary of Labor and is sued in his official capacity. The Secretary is responsible for implementing the whistleblower protection provisions of AIR21 upon which Sobhani bases his claim against Bombardier.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701 *et seq.*

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (e).

12. Defendants' authority to proceed administratively against Bombardier is properly before this Court.

## FACTS

### Bombardier is a Canadian Aircraft Manufacturer

13.     Bombardier's Aerospace segment designs and manufactures business, commercial, specialized, and amphibious aircraft.

14.     Bombardier's operations are substantially conducted within Canada.

15.     Bombardier does not provide air transportation to the public, either directly or indirectly, and does not hold itself out to the public as providing air transportation.

16.     Bombardier's customers inspect and take title to aircraft in Canada and, once a plane has been sold and has entered into service, Bombardier does not perform any further safety-sensitive maintenance functions, and separate companies that are wholly-owned by a U.S. subsidiary of Bombardier perform any necessary repair and warranty work in the United States.

17.     Bombardier is therefore not an air carrier or a contractor or subcontractor to an air carrier within the meaning of AIR21.

### Bombardier Employed Sobhani in Canada

18.     Bombardier employed Sobhani as an Engineering Specialist in its Core Technical Engineering Department.

19.     Sobhani was based out of Bombardier's facility in Toronto, Ontario, but also performed work at Bombardier's facility in Montreal, Quebec. Sobhani had no assignments and performed no work for Bombardier outside of Canada.

20.     While working for Bombardier, Sobhani resided in Toronto, Ontario, and was paid in Canadian dollars to a Canadian bank account he held with a Canadian banking institution.

### Sobhani Raised a Safety Concern in Canada Relating to Certification of the Q-400 Aircraft Under Canadian Law

21. On January 30, 2014, Sobhani wrote an internal memorandum (the "January 30 Memo") in which he raised a concern regarding the methodology used by Bombardier to interpret flight test data related to the engine margin analysis for the Q-400 aircraft.

22. Sobhani later raised his concern with the Federal Aviation Administration ("FAA"). The FAA reviewed his allegations and determined that it did not have jurisdiction over them because (1) Bombardier "[was] not seeking FAA airworthiness certification through these flight tests"; (2) "there is no direct FAA oversight at the Bombardier Aerospace Toronto, Canada facility"; and (3) "the flight test quality process in question for Bombardier Aerospace is part of a Transport Canada Civil Aviation certification project," and, "it is not within the jurisdiction of the FAA to investigate another country's certification program."

23. The relevant Canadian authorities, Transport Canada Civil Aviation, reviewed the alleged safety concern raised by Sobhani and found "that there are no safety or regulatory compliance issues related to the complaint that warrant any further investigation from TCCA's perspective."

### Sobhani Was Terminated in Canada

24. Bombardier terminated Sobhani's employment on March 7, 2014, as part of a worldwide reduction-in-force in which approximately 1,700 employees were terminated.

25. The decision to include Sobhani in the reduction-in-force was made solely by persons employed by Bombardier in Canada, and was based on performance evaluations.

### Defendants Adjudicate the Claim Without Statutory Authority

26. Following his termination, Sobhani filed a complaint with the Occupational Safety and Health Administration ("OSHA"), Kansas City Regional Office, U.S. Department of

Labor, alleging that he was terminated in retaliation for raising an air safety-related concern in the January 30 Memo, in violation of AIR21.

27. Sobhani's claim is at odds with parallel litigation that Sobhani initiated against Bombardier in Canada before the Human Rights Tribunal of Ontario. In that ongoing litigation, Sobhani claims that his termination was a result of discrimination on the basis of a disability.

28. OSHA dismissed the Sobhani Complaint because Bombardier "is not an air carrier within the meaning of 49 U.S.C. § 42121 and 49 U.S.C. § 40102(a)(2)" and because Sobhani, "who worked in Canada, is not an employee within the meaning of 49 U.S.C. § 42121."

29. Sobhani objected to OSHA's dismissal of his complaint and, on May 30, 2014, he requested a hearing before the OALJ.

30. On June 19, 2014, Stephen L. Purcell, the Chief Administrative Law Judge within OALJ, issued an Order to Show Cause directing Sobhani to explain why his complaint should not be dismissed for lack of jurisdiction.

31. On July 31, 2014, Mr. Purcell declined to dismiss the Sobhani Complaint. He did not address in his Order whether AIR21 can apply at all to an air carrier or contractor or subcontractor to an air carrier that is not a U.S. citizen.

32. The Sobhani Complaint was subsequently assigned to Administrative Law Judge Scott R. Morris.

33. On October 2, 2014, Bombardier filed a Motion for Summary Judgment, arguing that AIR21 has no extraterritorial application and that adjudication of the Sobhani Complaint would require impermissible extraterritorial application.

34. On October 16, 2014, Complainant filed an Opposition to Bombardier's Motion for Summary Judgment. In this Opposition, Complainant reargued the issue of whether

Bombardier qualified as a contractor or subcontractor to an air carrier, and did not address at all the issue of extraterritorial application of AIR21. Complainant did not dispute any of the facts underlying Bombardier's Motion for Summary Judgment.

35.    In response to questions from the ALJ at a telephonic hearing, each party provided the Court with additional factual information.

36.    On November 4, 2014, the ALJ denied Bombardier's Motion for Summary Judgment.

37.    The ALJ found that the undisputed facts showed that (1) Sobhani worked in Canada and his employment was terminated in Canada, "so the location of the retaliatory action occurred outside of the United States"; (2) that Bombardier is a Canadian entity that was incorporated under Canadian law, has its headquarters in Montreal, Quebec, and has its stock traded on the Toronto stock exchange; and that (3) the "location of the Respondent in relation to the facts of this claim was in Canada." *See id.*

38.    These undisputed facts, as a matter of law, demonstrate that the Sobhani Complaint would require impermissible extraterritorial application of AIR21.

39.    The ALJ based his denial of Bombardier's Motion for Summary Decision on two purported connections between Sobhani's allegations and the United States. First, according to the ALJ, because the FAA is generally responsible for promoting flight safety and issues type certificates for aircraft engines, any air safety violation, wherever it occurs, could potentially be a violation of "the letter and spirit of American laws." Second, Sobhani's concerns involved data generated by test flights, some of which physically took off and landed from airports within the United States. *See id.*

40. Neither of these purported connections is sufficient to overcome AIR21's lack of extraterritorial application. Indeed, the FAA itself concluded that it did not have jurisdiction over Sobhani's complaints. Further, Sobhani was not himself present for the test flights and his concern was with the methodology used by Bombardier to interpret the flight test data (in Canada); he raised no concerns directly relating to the flight tests.

41. On March 20, 2015, the ALJ ordered that Bombardier produce to Sobhani numerous categories of documents that have no bearing on the issue before the ALJ, *i.e.*, whether Sobhani was terminated in retaliation for raising a concern regarding the methodology used by Bombardier for interpreting flight test data relating to the engines of the Q-400 aircraft.

42. Substantial compliance with the ALJ's order compelling the production of data and documents would, at a minimum, cost Bombardier hundreds of thousands of dollars.

43. Bombardier is unable to comply with some aspects of the ALJ's order. For example, Bombardier has been ordered to produce all flight test data from 1998 and 1999. This order is not limited to data related to the issues raised by Sobhani in the January 30 Memo, and is not even limited to the Q-400 aircraft on which Sobhani worked. Rather, the ALJ has ordered Bombardier to produce all flight test data for all of its aircraft over a two-year period that occurred more than fifteen years ago. This is an immense amount of data that is stored at numerous facilities worldwide and will be extraordinarily difficult, if not impossible, to retrieve and produce. Production of this information, and other broad categories ordered to be produced by the ALJ, would also require Bombardier to produce confidential, proprietary trade secret information regarding the detailed technical aspects of its aircraft.

### Bombardier Has No Recourse From These Adverse Agency Actions

44. On November 14, 2014, Bombardier filed a motion requesting that the ALJ certify its denial of Bombardier's Motion for Summary Judgment to the ARB for interlocutory

8

appeal. In the alternative, Bombardier asked that the ALJ reconsider its denial of the Motion for Summary Judgment.

45. The ALJ denied both certification and reconsideration on December 4, 2014.

46. Bombardier therefore has no opportunity to appeal the ALJ's adverse decisions to the ARB prior to completing discovery and engaging in a hearing on the merits. Because the ALJ has issued a discovery order which is so burdensome as to preclude compliance, Bombardier has no opportunity to appeal the ALJ's adverse decisions.

47. Even if Bombardier could appeal the ALJ's decisions to the ARB, Bombardier may still have no recourse to the courts outside of this lawsuit. AIR21 only allows for appeals of adverse agency actions "in the United States Court of Appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred or the circuit in which the complainant resided on the date of such violation." 49 U.S.C. § 42121(b)(4)(A). Because the violation alleged by Sobhani occurred in Canada while Sobhani was living in Canada, AIR21 does not, on its face, authorize any United States Court of Appeals to hear Bombardier's appeal.

## COUNT I
## (ADMINISTRATIVE PROCEDURES ACT)

48. Bombardier adopts and incorporates by reference paragraphs 1 through 47 as if fully alleged herein.

49. Defendants have asserted authority to adjudicate the Sobhani Complaint pursuant to AIR21.

50. AIR21 only authorizes Defendants to adjudicate actions against air carriers or contractors or subcontractors of an air carrier.

51. Bombardier is not an air carrier or a contractor or subcontractor of an air carrier within the meaning of AIR21.

9

52. AIR21 has no extraterritorial application.

53. Adjudicating the Sobhani Complaint requires impermissible extraterritorial application of AIR21.

54. Defendants' continued adjudication of the Sobhani Complaint is therefore in excess of its statutory authority.

55. The ALJ has refused to dismiss the Sobhani Complaint or to grant Bombardier summary decision, and has denied Bombardier the opportunity to appeal those decisions to the ARB. Further, AIR21 provides no other avenue for appealing adverse agency actions. Defendants' assertion of authority over Bombardier and the Sobhani Complaint under AIR21 is therefore final agency action.

56. Further, Defendants' decision to assert authority over Bombardier and the Sobhani Complaint has determined Bombardier's legal rights or obligations and resulted in immediate legal consequences by forcing Bombardier to defend an unlawful adjudicative proceeding, spend an inordinate amount of money to comply with overly broad and irrelevant discover requests, disclose highly sensitive trade secret information, and risk serious penalties for noncompliance.

57. Defendants' decision to assert authority over Bombardier and the Sobhani Complaint was arbitrary and capricious, an abuse of discretion, not in accordance with law, and in excess of their statutory jurisdiction and authority.

58. The extraterritorial application of AIR21 is a purely legal question, particularly because the relevant facts relating to extraterritoriality were and are undisputed, as recognized by the ALJ in its Order denying Bombardier's Motion for Summary Decision. Likewise, the definition of "contractor or subcontractor of an air carrier," and the determination of whether a

52.    AIR21 has no extraterritorial application.

53.    Adjudicating the Sobhani Complaint requires impermissible extraterritorial application of AIR21.

54.    Defendants' continued adjudication of the Sobhani Complaint is therefore in excess of its statutory authority.

55.    The ALJ has refused to dismiss the Sobhani Complaint or to grant Bombardier summary decision, and has denied Bombardier the opportunity to appeal those decisions to the ARB. Further, AIR21 provides no other avenue for appealing adverse agency actions. Defendants' assertion of authority over Bombardier and the Sobhani Complaint under AIR21 is therefore final agency action.

56.    Further, Defendants' decision to assert authority over Bombardier and the Sobhani Complaint has determined Bombardier's legal rights or obligations and resulted in immediate legal consequences by forcing Bombardier to defend an unlawful adjudicative proceeding, spend an inordinate amount of money to comply with overly broad and irrelevant discover requests, disclose highly sensitive trade secret information, and risk serious penalties for noncompliance.

57.    Defendants' decision to assert authority over Bombardier and the Sobhani Complaint was arbitrary and capricious, an abuse of discretion, not in accordance with law, and in excess of their statutory jurisdiction and authority.

58.    The extraterritorial application of AIR21 is a purely legal question, particularly because the relevant facts relating to extraterritoriality were and are undisputed, as recognized by the ALJ in its Order denying Bombardier's Motion for Summary Decision. Likewise, the definition of "contractor or subcontractor of an air carrier," and the determination of whether a

non-U.S. citizen can qualify as a "contractor of subcontractor of an air carrier" are purely legal questions.

59. Because questions regarding statutory construction and extraterritorial application are questions on which courts – not administrative agencies – are experts, this matter is suitable for judicial review.

60. Defendants' assertion of authority over Bombardier and the Sobhani Complaint is a final agency action and Bombardier's only proper remedy lies in this Court.

## COUNT II
## (DECLARATORY JUDGMENT)

61. Bombardier adopts and incorporates by reference paragraphs 1 through 60 as if fully alleged herein.

62. A justiciable controversy exists as to Defendants' authority to proceed with an administrative adjudication of the Sobhani Complaint.

63. Bombardier seeks a declaration that (1) AIR21 has no extraterritorial application; (2) that AIR21 applies only to domestic contractors and subcontractors to air carriers; and (3) that AIR21 does not authorize Defendants to adjudicate the Sobhani Complaint because Bombardier is not a contractor or subcontractor to an air carrier within the meaning of AIR21 and because doing so would require extraterritorial application of AIR21.

## PRAYER FOR RELIEF

WHEREFORE, Bombardier respectfully requests that the Court enter an order granting judgment in its favor and granting the following relief:

A. Declaring that Defendants' actions with respect to Bombardier, including but not limited to its assertion of adjudicative authority over Bombardier and the Sobhani Complaint, are

*ultra vires*, arbitrary and capricious, an abuse of discretion, and otherwise not in accordance with law and in excess of Defendants' statutory authority;

      B.    Entering a preliminary and permanent injunction prohibiting Defendants from asserting or exercising adjudicative authority over Bombardier and the Sobhani Complaint;

      C.    Awarding Bombardier its reasonable attorneys' fees and costs associated with bringing this action pursuant to 28 U.S.C. § 2412; and

      D.    Awarding Bombardier such further relief as the Court deems just and proper.

Dated: April 21, 2015

Respectfully submitted,

/s/ Thomas G. Allen
Thomas G. Allen (Bar No. 484425)
Matthew J. MacLean (Bar No. 479257)
Keith D. Hudolin (Bar No. 1004508)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
Phone: (202) 663-8000
Facsimile: (202) 663-8007
thomas.allen@pillsburylaw.com
matthew.maclean@pillsburylaw.com
keith.hudolin@pillsburylaw.com

*Attorneys for Bombardier, Inc.*